# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY WINTERS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW L. CATE, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02115-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 3) |

　　　　Plaintiff Robert Anthony Winters, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 8, 2010. In conjunction with his complaint, Plaintiff filed a motion seeking a preliminary injunction (1) prohibiting Defendants from taking retaliatory action against him and causing him to miss court deadlines; (2) requiring that he be provided with law library access upon request; (3) requiring the implementation of logging and other procedures for inmate appeals as identified in the motion; (4) prohibiting staff misconduct; (5) prohibiting his transfer pending a determination of the issues in this case; (6) requiring the expungement of the false documentation of his enemy concern from his central file in the event of a transfer; (7) notifying the Ninth Circuit about his inability to comply with the district court's order to file a third amended complaint at issue in appeal number 10-15667; (8) requiring Defendants to produce copies of CDC-128-G and CDC-114-D documents and all other related documents, as identified in the motion; (9) requiring Defendants to process his inmate appeal dated January 16, 2010, and return missing portions of his legal files for case number 1:08-cv-01681-LJO-DLB Winters v. Hubbard; and (10) requiring Defendants to replace his radio/tape player.

1    A preliminary injunction is an extraordinary remedy never awarded as of right. <u>Winter v.
2  Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, ___, 129 S.Ct. 365, 376 (2008) (citation and
3  quotation marks omitted).  For each form of relief sought in federal court, Plaintiff must establish
4  standing.  <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009)
5  (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).
6  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete
7  and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must
8  be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable
9  judicial decision will prevent or redress the injury.  <u>Summers</u>, 129 S.Ct. at 1149 (quotation marks
10 and citation omitted); <u>Mayfield</u>, 599 F.3d at 969.  Further, any award of equitable relief is governed
11 by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil
12 action with respect to prison conditions shall extend no further than necessary to correct the violation
13 of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any
14 prospective relief unless the court finds that such relief is narrowly drawn, extends no further than
15 necessary to correct the violation of the Federal right, and is the least intrusive means necessary to
16 correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

17   In a separate order issued concurrently with this order, the Court dismissed Plaintiff's
18 complaint, with leave to amend. Until Plaintiff files an amended complaint and the Court is able to
19 determine which claims are cognizable and appropriately raised in this action, the Court lacks
20 jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 129 S.Ct.
21 at 1149; <u>Mayfield</u>, 599 F.3d at 969.  Further, some of the orders sought by Plaintiff cannot be issued
22 even assuming Plaintiff is able to amend to state one or more cognizable claims.  For example, past
23 misconduct usually does not confer standing to seek an order aimed at preventing future harm. <u>City
24 of Los Angeles v. Lyons</u>, 461 U.S. 95, 111, 103 S.Ct. 1660 (1983); <u>Mayfield</u>, 599 F.3d 970.  In
25 addition, the pendency of this action does not entitle Plaintiff to the issuance of orders that, for
26 example, relate to law library access to litigate this action, to matters at issue in other pending cases,
27 or to matters appropriately raised during discovery, such as document production.
28 ///

1  For the reasons set forth above, Plaintiff's motion for preliminary injunctive relief, filed
2  November 8, 2010, is HEREBY DENIED. 18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 129 S.Ct. at 1149;
3  <u>Mayfield</u>, 599 F.3d at 969.

5  IT IS SO ORDERED.

6  **Dated:   April 15, 2011**                                        /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE